# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00765-CV

**Tangela Latasha Coleman, Appellant**

**v.**

**Pflugerville Wells Branch, LLC, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-24-004748, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tangela Latasha Coleman appeals from the trial court's final judgment rendered after a bench trial in this forcible-detainer action brought by her landlord Pflugerville Wells Branch, LLC (Landlord). Because Coleman no longer occupies the property, we dismiss as moot her issues on appeal related to the trial court's award of possession of the property. In her remaining issues on appeal, Coleman challenges the trial court's awards of damages and attorneys' fees, which still present a live controversy. For the following reasons, we affirm the judgment.

## BACKGROUND

Landlord filed a forcible-detainer action in justice court against Coleman for her alleged non-payment of rent. The justice court rendered judgment for Landlord, after which

Coleman filed a de novo appeal to the county court at law (trial court). *See* Tex. R. Civ. P. 510.9, 510.10(c).

After a bench trial, at which Coleman and a Landlord representative testified, the trial court rendered judgment awarding possession of the Property to Landlord as well as damages and attorneys' fees in the following amounts: $9,830 for unpaid back rent (for the months of June 2024 through October 2024), $2,000 in attorneys' fees in connection with trial of the matter, and specified additional contingent attorneys' fees in the event of Coleman's filing any motions for post-judgment relief or appeals. The judgment required Coleman to post a supersedeas bond of $1,996 within ten days of the date of judgment plus monthly payments into the court registry of $1,996 due the first of each month during the pendency of any appeal. Coleman posted the initial bond amount and filed a notice of appeal. On Coleman's emergency motion, this Court issued a temporary stay of execution on the judgment but, after determining that she had not made all required monthly payments into the court registry, this Court dissolved its temporary stay of execution. A writ of execution was issued, and Coleman is no longer in possession of the premises.

## DISCUSSION

We first address Landlord's contention that Coleman's appeal is moot because a writ of possession has been executed. *See Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at *2 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.) (noting that issue of possession becomes moot when appellant ceases to have actual possession of property). We agree with Landlord that Coleman's issues relating to possession have become moot because she no longer has actual possession of the property and cannot demonstrate a potentially

2

meritorious claim of right to current, actual possession; however, a live controversy still exists with respect to Coleman's challenges to the trial court's awards of damages and attorneys' fees. *See id.* We therefore proceed to address those issues.

In her non-possession-related issues, Coleman (a) contends that she is not liable for attorneys' fees and (b) challenges the amount of damages the trial court awarded Landlord. As to attorneys' fees, Coleman contends that Landlord is not entitled to them because (1) she did not receive the statutorily required three-day notice to vacate, *see* Tex. Prop. Code § 24.005, (2) Landlord "changed the stance on how the three day notice" was provided,[1] and (3) the original eviction petition that Landlord filed in justice court stated that it was not seeking attorneys' fees.

The Property Code authorizes a prevailing landlord to recover attorneys' fees under the following circumstances: (1) by written demand to vacate the premises indicating that that landlord may recover attorneys' fees if the tenant does not timely vacate, sent to the tenant by registered mail or by certified mail, return receipt requested, within ten days before filing suit; or (2) when a written lease entitles the landlord to attorneys' fees. *See id.* § 24.006(a), (b). The written lease, which was admitted into evidence, expressly provides for Landlord's recovery of attorneys' fees. Thus, Coleman's first two arguments—that she did not receive the three-day notice and that Landlord "changed its stance" about how the notice was provided—are

---

[1] Coleman contends that in the justice court, Landlord testified that it had provided her with the three-day notice posted to her door and via mail but that in the county court, Landlord testified (as supported by an admitted exhibit) that it hand-delivered the notice to Coleman more than three days before beginning the eviction process. We need not address this alleged inconsistency, however, because of our disposition of her issue challenging the attorneys' fees award on a different ground. *See* Tex. R. App. P. 47.1, 47.4. In any event, allegedly conflicting evidence before the justice court would not affect trial of the case before the county court. *See* Tex. R. Civ. P. 510.10(c) ("A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.").

3

inapposite. Regarding Coleman's third argument—that Landlord's original petition in justice court did not plead for attorneys' fees—the record reflects that in its live petition in the de novo appeal, filed seven days before trial, Landlord pleaded for attorneys' fees under the lease, and Landlord's attorney testified about them at trial. *See* Tex. R. Civ. P. 63 (noting that parties may freely amend pleadings at least seven days before trial). Thus, there is no merit to Coleman's argument that in its pleadings in the justice court, Landlord did not plead for attorneys' fees. We accordingly overrule Coleman's issues pertaining to Landlord's recovery of attorneys' fees.

As to the judgment's award of damages, Coleman requests this Court to "remove" the following amounts purportedly included in the damage award: (1) the late fees Landlord assessed against her for six months between August 2024 and February 2025 (allegedly totaling $1,179.60); (2) the "rent charge" of $1,966 for February 2025 because she claims to have moved out on February 2, 2025; (3) the "reletting fee" of $1,671; and (4) the "vacant service fee" of $50 that Landlord charged her. She claims that these amounts are identified on a ledger that Landlord referenced at trial.[2]

The judgment expressly awarded Landlord damages only for five months of unpaid rent, from June 2024 through October 2024, in a total amount of $9,830 ($1,966 per month as provided in the lease). The judgment did not award Landlord any of the amounts with which Coleman takes issue. Accordingly, the trial court did not err in assessing any of the amounts about which Coleman complains because it assessed only the specified months of unpaid rent as damages, which amounts Coleman does not dispute. We overrule Coleman's issue challenging the judgment's award of damages.

---

[2] The ledger does not appear in the reporter's record and was not offered or admitted into evidence, although Landlord's attorney referred to the ledger as "Plaintiff's Exhibit 5" when cross-examining Coleman.

## CONCLUSION

Without addressing those issues that have become moot and having overruled the remainder of Coleman's issues, we affirm the trial court's judgment.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   November 25, 2025